■ In the Matter of SUNLAND BEVERAGE CORP., Respondent, against THOMAS E. ROHAN et al., Constituting the State Liquor Authority, Appellants. — In a proceeding to review a determination of the State Liquor Authority which denied an application for a renewal of a wholesale beer license, the appeal is (1) from a final order annulling the determination and directing the issuance of the license, and (2) from so much of an intermediate order as directs appellants to issue a temporary license for a period not exceeding 30 days, *pendente lite*. Final order reversed, without costs, and proceeding dismissed, without costs. Respondent was the holder for successive years of a wholesale beer license issued by appellants and their predecessors under the Alcoholic Beverage Control Law. On April 14, 1958 appellants revoked the annual license then in effect. Upon review in this court, the determination was annulled and the matter was remitted to appellants for reconsideration and imposition of a lesser penalty, on the ground that revocation was an excessive punishment (*Matter of Sunland Beverage Corp.* v. *Rohan*, 6 A D 2d 867, motion for leave to appeal denied 5 N Y 2d 709). Respondent applied for a renewal license for the annual period commencing July 1, 1958. Appellants served a

"Notice of Contemplated Non-Renewal Interview", and annexed a statement of 11 enumerated charges against respondent. The first 6 of these charges are identical with those which were set forth and acted upon by appellants in ordering revocation of the 1957–1958 license. A hearing was held on the 11 charges, and thereafter appellants declined to renew the license, their determination stating that all 11 of the aforesaid charges had been sustained. The last 5 of these charges are directed against the character and fitness of respondent's president, and the specifications under these 5 charges were not made the basis of the revocation order. In the instant proceeding the Special Term directed the issuance of a temporary license, *pendente lite,* for a period not to exceed 30 days. Upon a full hearing at Special Term the final order was made directing appellants to issue an annual license for the current period, on the ground that the refusal of the license was contrary to the order of this court in the revocation proceeding. Upon review the court is limited to inquiring whether or not there was any possible scope for the reasonable exercise of appellants' discretion. (*Matter of Wager* v. *State Liq. Auth.,* 4 N Y 2d 465.) The record does not establish that appellants acted arbitrarily or capriciously in refusing to renew the license. Appeal from intermediate order dismissed, without costs, as academic. Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.